United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Jean A. Thomas, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-22388-Civ-Scola |
| | ) | |
| Immigration Custom Enforcement, | ) | |
| Defendant. | | |

### **Order of Dismissal**

This matter is before the Court on an independent review of the record. For the reasons set forth below, the Court **dismisses** the Petitioner Jean Thomas's § 2241 petition (**ECF No. 1**) as premature.

### 1. Relevant Factual Background

Thomas is prisoner, confined at the Walton Correctional Institution. He filed a *pro se* Petition pursuant to 28 U.S.C. § 2241 for a Writ of Habeas Corpus. (ECF No. 1.) In his Petition, which Thomas calls a "Motion to Compel," he seeks an order compelling the Department of Homeland Security's Immigration and Customs Enforcement ("ICE") to address the nature of his immigration hold. (ECF No. 1 at 1). Thomas alleges that in December 2018, he was sentenced to a three-year term of imprisonment in the Florida Department of Corrections. (*Id.*) At the time of his conviction, he was a United States citizen with a valid Florida Driver's License. (*Id.*) Upon entering the Florida Department of Corrections, Thomas learned that ICE has an "illegal detainer on him." (*Id.* at 2.) Thomas asserts that there is no basis for this hold, that it will "unduly extend his incarceration upon release," and that this is a form of "pre-designed kidnapping/false imprisonment." (*Id.*) As relief, Petitioner request that removal of "any holds or detainers in place against him." (*Id.*)

### 2. Discussion

Liberally construing his Petition, it appears Thomas has brought this action under § 2241, as he seeks to challenge the lawfulness of his immigration detainer. However, § 2241 only provides a petitioner an avenue to challenge his custody "alleged to be in violation of the Constitution or laws of the United States." § 2241(c)(3). "[A]bsent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ." *Gonzalez-Corrales v. I.C.E.*, 522 F. App'x 619, 623 (11th Cir. 2013) (citing *Orozco v. U.S. I.N.S.*, 911 F.2d 539, 541 (11th Cir. 1990)).

Here, Thomas cannot satisfy the "in custody" requirement of § 2241 because he is not currently in the custody of ICE. *See Patel v. Att'y Gen.*, 334 F.3d 1259, 1263 (11th Cir. 2003) (holding that habeas jurisdiction requires that the petitioner be in "custody" and that "custody" is determined as of the time of the filing of the petition). The pendency of an immigration detainer does not satisfy the "in custody" requirement for purposes of habeas relief, because such a detainer does not affect the prisoner's status as a sentenced state or federal offender. The detainer is merely a notice that future immigration custody may be sought, and that a decision regarding the arrest and removal of the alien will be made by immigration authorities at some later date. 8 C.F.R. § 287.7(a); *Louis v. Sec'y, Fla. Dep't of Corr.*, 524 F. App'x 583, 584 (11th Cir. 2013) (citing *Orozco*, 911 F.2d at 541)). Thus, a detainer filed by ICE, standing alone, does not cause a convicted felon to come within the custody of the Department of Homeland Security for purposes of habeas corpus relief. Accordingly, Thomas may not challenge the detainer by way of habeas corpus until he is placed in ICE custody. Therefore, the instant § 2241 petition is premature.

Moreover, to the extent that this action is construed as a non-habeas civil action under 42 U.S.C. § 1983,[1] Thomas does not allege sufficient facts to establish any cognizable § 1983 claim regarding a violation of his constitutional rights.

### 3. Conclusion

In sum, the Court **dismisses** Thomas's § 2241 (**ECF No. 1**) without prejudice as premature.  The Court directs the **Clerk** to **close** this case and **mail** this order to the address listed below. Any pending motions are denied as moot.

**Done and ordered** at Miami, Florida, on August 6, 2020.

Robert N. Scola, Jr.
United States District Judge

---

[1] *See United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) ("Federal courts have . . . have an obligation to look behind the label of a motion filed by a *pro se* inmate . . ..").

cc:   **Jean A. Thomas**
     A60243
     Walton Correctional Institution
     Inmate Mail/Parcels
     691 Institution Road
     De Funiak Springs, FL 32433
     PRO SE